IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PEGGY MARIE KENNEDY, | ) | 4:13CV3136 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PAT HOCKEMEIER, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint in this matter on July 24, 2013. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis in this matter. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Plaintiff filed her Complaint against one Defendant, Pat Hockemeir. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a nonprisoner, and both she and Defendant reside in Nebraska. (*Id.* at CM/ECF p. 2.) Plaintiff alleges that Defendant failed to purchase a plane ticket to Omaha for Plaintiff following Plaintiff's release from the hospital in Tennessee. (*Id.* at CM/ECF p. 4.) Plaintiff alleges that Defendant is punishing her for running away. (*Id.* at CM/ECF p. 5.) As punishment, Defendant also, "refused to return calls" and "turned off [Plaintiff's] Food Stamps." (*Id.*) As relief, Plaintiff seeks an unspecified amount of money damages. (*Id.*)

II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. *28 U.S.C. § 1915(e)(2)(B)*.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff alleges that she and Defendant reside in Nebraska. (Filing No. 1 at CM/ECF p. 2.) In addition, Plaintiff does not allege any specific monetary damages. Thus, Plaintiff has failed to establish diversity of citizenship jurisdiction as a basis for jurisdiction in this matter.

Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith,* 784 F.2d 323, 325 (8th Cir. 1986). In Plaintiff's Complaint, she does not set forth any specific actions taken by Defendant that violate any constitutional right or support a claim under 42 U.S.C. § 1983 or any other federal statute. Plaintiff does not allege that Defendant deprived her of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

**IV.    MOTION TO APPOINT COUNSEL**

Plaintiff seeks the appointment of counsel. However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Thus, the request for the appointment of counsel is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.    On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the basis for

3

this court's subject matter jurisdiction. Failure to do so will result in dismissal of this matter without further notice.

2. The clerk's office is directed to set a pro se case management deadline in this matter: October 23, 2013: Deadline for Plaintiff to file amended complaint.

3. Plaintiff's Motion to Appoint Counsel (Filing No. 6) is denied without prejudice to reassertion.

DATED this 23rd day of September, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.